UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>v.<br><br>PHILIP STOTT,<br><br>  Defendant. | Case No. 3:10-cr-00026-LRH-WGC<br><br>ORDER |

Before the court is Philip Stott's pro se motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. ECF No. 43. On July 12, 2019, the court ordered the Government to respond to Stott's motion within 45 days of the court's order. ECF No. 44. The Government filed its response on August 19, 2019, opposing Stott's motion. ECF No. 46. Accordingly, Stott replied. ECF No. 47. Stott subsequently filed two motions for case status updates (ECF Nos. 48 & 49), to which the Government responded (ECF No. 50). Upon review of the record, the court denies all pending motions.

**I.    BACKGROUND**

Stott was charged in a three count indictment on March 3, 2010 with (1) bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2); (2) aggravated identity theft in violation of 18 U.S.C. § 1028A; and (3) theft and receipt of stolen mail matter in violation of 18 U.S.C. § 1708. ECF No. 1. On or about February 3, 2010, Stott stole a check for $83.16, payable to the Washoe County Treasurer, from the mailbox of a person having the address of 3545 Brighton Way, Reno, Nevada. ECF No. 26 at 4. On the same day, officers obtained a warrant to search Stott's apartment and

1

vehicle, during which they found multiple identification cards, credit cards, and a social security card in the names of other individuals. *Id.* Officers also found a piece of mail addressed to someone at 2010 Brighton Court, Reno, Nevada 89509, and the check payable to the Washoe County Treasurer for $83.16. *Id.*

Stott pleaded guilty to count 3 of the indictment on June 27, 2011, with the government dismissing counts 1 and 2. ECF Nos. 25 & 26. At his sentencing hearing held on October 6, 2011, the court sentenced Stott to 12 months incarceration to run consecutive to his sentence in Washoe County Second Judicial District Court case number CR10-1155, followed by no supervised release. ECF No. 32. Stott appealed his sentence on October 13, 2011. ECF No. 33. The Ninth Circuit affirmed the sentence on May 18, 2012. ECF No. 40.

While he was serving his sentence, the state of California passed Proposition 47 on November 4, 2014, which allowed California state courts to reclassify certain felonies as misdemeanors. *See* Cal. Penal Code § 1170.18 (codifying Proposition 47); *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016); *People v. Rivera*, 183 Cal. Rptr. 3d 362, 363 (Cal. Ct. App. 2015). Based on Proposition 47, the Superior Court of California, County of Contra Costa granted Stott's petitions and reclassified 11 prior felony convictions as misdemeanors. *See* ECF No. 43 at 19-26.[1] Stott then filed the instant section 2255 motion to vacate, set aside, or correct his sentence, arguing that because 11 of his felony convictions, relied on by the court in reaching its sentencing decision, have now been reduced to misdemeanors, his sentencing guideline range is reduced and he is entitled to resentencing. ECF No. 43.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the

---

[1] Stott filed what appears to be 8 petitions with the Superior Court of California, County of Contra Costa to reclassify 12 prior felonies as misdemeanors. The court granted 6 petitions on February 26, 2016, and one on April 24, 2017. The final petition the court denied on March 8, 2019.

prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b). However, no hearing is required if the "allegations, 'when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

## III.   DISCUSSION

### A. Stott's section 2255 motion fails on the merits.

Stott successfully petitioned the Superior Court of California, County of Contra Costa to reclassify 11 of his prior felony convictions as misdemeanors. *See* ECF No. 43 at 19-26. Stott argues that based on these reclassifications, a recalculation of his PSR would provide for a reduced guideline range, and accordingly, he is entitled to resentencing. The Government disagrees, arguing that the court based its consecutive sentence on Stott's recidivism in general, and his repeated violations of parole and probation, not the number of prior convictions that were classified as felonies verses misdemeanors. Further, the Government argues that Stott's criminal history score would not change because "(1) the majority of the convictions received no criminal history points to begin with; and (2) the convictions that did receive criminal history points received those points based on the length of the actual sentence imposed (which remains unchanged), not based on whether the conviction was a felony or a misdemeanor." ECF No. 46 at 7 (internal citations omitted).

First, the court declines to recalculate Stott's criminal history points because the application of Proposition 47 does not change his total score. Under the federal sentencing guidelines, criminal history points are awarded based on the length of a prior sentence, not based on whether the prior offense is classified as a felony or a misdemeanor. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1 (U.S. SENTENCING COMM'N 2018). Stott's criminal history point total was calculated by awarding him points for 5 prior offenses, only 3 of which are affected by Proposition 47 and the

California Superior court's reclassification of some of Stott's felony convictions as misdemeanors. *See* Stott's PSR ¶¶ 40, 42-45.[2]

Contained within those three paragraphs are just 3 of Stott's 11 felony convictions that were reclassified as misdemeanors. *Id.* ¶¶ 40, 42, 44. In each of those three paragraphs, Stott's criminal history points were calculated based on section 4A1.1 of the United States Sentencing Guidelines, which adds points based on the length of imprisonment of each prior sentence. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(a) and (b) (U.S. SENTENCING COMM'N 2018) ("[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month."); ("[a]dd 2 points for each prior sentence of imprisonment of at least sixty days."). None of these criminal history points were awarded based on the prior conviction being a felony. Therefore, regardless of whether those 3 felony convictions are classified as misdemeanors, Stott's California state court sentences remain unchanged, and his criminal history calculation is unaltered by the application of Proposition 47. *See e.g.*, *Rodriguez v. United States*, Case No. 19-cv-1107-GPC; 17-cr-00215-GPC, 2019 WL 7020143, at *3 (S.D. Cal. Dec. 20, 2019); *Torres v. United States*, Case Cr. No. 12-00825 DKW, CV No. 16-00610-DKW-KJM, 2017 WL 1943949, at *5 (D. Haw. May 10, 2017).

Second, the court did not rely on whether Stott's prior convictions were classified as felonies or misdemeanors when it sentenced Stott to a consecutive 12-month sentence. Rather the court was concerned with Stott's recidivism and what the court believed to be his complete contempt for the criminal justice system. *See* ECF No. 38 at 8-12. The court went through a lengthy colloquy describing many of Stott's prior sentences and emphasized that each time Stott's probation or parole was revoked. *Id.* The court based its decision to sentence Stott to a consecutive sentence based on this continued recidivism, not on the number of prior convictions that were felonies. *Id.* at 12 ("The prison sentence is going to be consecutive for 12 months just because of the gravity of that prior record and the identification of what the Court believes to be a complete contempt for the criminal justice system.").

---

[2] Paragraphs 43 and 45 are not affected by the application of Proposition 47. The PSR also included 2 points for committing the instant offense while on probation, which too remains unchanged by the application of Proposition 47.

4

Stott has not presented a sufficient basis to order a new PSR or to resentence him based on the reclassification of the 11 felonies to misdemeanors under Proposition 47.[3] This sentence has further already been affirmed by the Ninth Circuit. ECF No. 40. Accordingly, Stott's section 2255 motion fails, and it is denied.[4] The court finds that because Stott's motion is based on the record, an evidentiary hearing is unnecessary for it to reach this conclusion. *See United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) ("The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.").

**B. Stott is denied a certificate of appealability.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To obtain a certificate, a habeas "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006) (internal quotation marks and citation omitted). To meet this threshold inquiry, a petitioner must demonstrate that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Id*. (internal quotation marks and citation omitted).

The Court will not issue a certificate of appealability in this case. Stott has failed to demonstrate that a recalculation of his criminal history points based on Proposition 47 and the reclassification of 11 of his felony convictions as misdemeanors would change his guideline range.

---

[3] Stott's reliance on *Clay v. United States*, Case No. LA CV 17-05720-VBF; LA CR 05-00948, 2018 U.S. Dist. LEXIS 82778, 2018 WL 6333671 (C.D. Cal. May 14, 2018), is misguided. *Clay* is not binding authority in this District, nor, as the decision of a district court, does it supersede or overrule the Ninth Circuit's decision in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016).

[4] The court also notes that Stott waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." ECF No. 26 ¶ 18. Accordingly, his waiver further bars this section 2255 motion.

He has further failed to demonstrate that the court made its decision based on the number of felony convictions verses misdemeanor convictions Stott has. Further, this sentence has already been affirmed by the Ninth Circuit. Accordingly, no reasonable jurist would find his claims credible, or that his sentence is unlawful.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Stott's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255 (ECF No. 43) is **DENIED.** The court finds that an evidentiary hearing is not needed to reach this conclusion.

IT IS FURTHER ORDERED that Stott is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that Stott's motion for case status (ECF No. 48) and motion for status check (ECF No. 49) are **DENIED as moot**.

The Clerk of Court is directed to enter **JUDGMENT** in accordance with this Order.[5] See *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 20th day of April, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] This Order and Judgment is to also be filed in related statistical case, *Stott v. United States*, Case No. 3:19-cv-00341-LRH.