Case 3:10-cr-00026-LRH-WGC   Document 56   Filed 07/13/22   Page 1 of 6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP STOTT,<br><br>Defendant. | Case No. 3:10-cr-00026-LRH-CSD<br><br>ORDER |

Now before the Court is Philip Stott's pro se request to restructure his sentence. ECF No. 53. On June 13, 2022, the government filed a response to Stott's motion (ECF No. 54), to which Stott replied (ECF No. 55). Upon review of the record, the Court denies Stott's request.

**I.     BACKGROUND**

This Court sentenced Stott to 12 months' imprisonment, to be served consecutive to an undischarged state sentence that he was then serving, followed by no supervised release. ECF No. 32. A few years later, the Superior Court of California, County of Contra Costa reclassified 11 of his prior felony convictions as misdemeanors based on California's Proposition 47. *See* ECF No. 43 at 19–26. Seeking to vacate, correct, or set aside his federal sentence in light of his prior felony convictions being reclassified as misdemeanors, Stott filed a pro se motion pursuant to 28 U.S.C. § 2255. ECF No. 43. The Court denied Stott's § 2255 motion, holding that the reclassification of 11 of his prior felonies as misdemeanors had no effect on his guideline range or sentence. ECF No. 51 at 3–6.

Currently, Stott is still in state custody and has two years left to serve on his state sentence. ECF No. 53. Stott now asks the Court to restructure his sentence. *Id.*; ECF No. 55.

## II.    DISCUSSION

Stott asks the Court to restructure his sentence by lifting the federal detainer lodged against him and by aggregating the federal sentence with the state sentence. ECF No. 53 at 5–7. Stott maintains that he does not want his sentence reduced, and that his sentence would not be reduced if the Court grants his request. *Id.* at 7; ECF No. 55 at 5–6. However, the detainer lodged against Stott will remain until his federal sentence commences, and Stott's federal sentence will commence only when he finishes serving his time on his state sentence because the Court ordered the federal sentence to run consecutively to his state sentence. ECF No. 32; ECF No. 53 at 6. Thus, the Court construes Stott's request to restructure his sentence as a request to reduce his sentence because the Court cannot fulfill this request unless it eliminates the sentence that it imposed, and because Stott cites 18 U.S.C. § 3582(c)(1)(A)(i)—a subsection that plainly refers to reduction. ECF No. 53 at 7; ECF No. 55 at 5–6. [1] The Court will now determine whether Stott qualifies for a sentence reduction.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a court may reduce the term of imprisonment if it finds that extraordinary and compelling circumstances warrant such a reduction and if one of the following three conditions is satisfied: (1) the Director of the Bureau of Prisons (BOP) has filed a motion to reduce the inmate's sentence; (2) the inmate has requested the BOP to file a motion to reduce the inmate's sentence, and the inmate has fully exhausted all of their administrative rights to appeal the BOP's failure to bring the motion to reduce the inmate's sentence; or (3) the inmate has requested the BOP to file a motion to reduce the inmate's sentence, and 30 days have elapsed since the warden of the inmate's facility received the inmate's request. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1281–83 (9th Cir. 2021). The statute provides no definition of "extraordinary and compelling" circumstances. *See* 18 U.S.C. § 3582. Instead, Congress tasked

---

[1] Stott also suggests that the Court can grant his request pursuant to Rule 38(g) of the Federal Rules of Criminal Procedure. ECF No. 53 at 7. But no appeal is pending in this case, which makes the remedy provided by Rule 38(g) inapplicable in this instance. *See* Fed. R. Crim. P. 38(g).

2

the Sentencing Commission with the job of determining and describing what counts as extraordinary and compelling circumstances for sentence reduction. *See* 28 U.S.C. § 994(t). The Sentencing Commission describes the following four categories of extraordinary and compelling circumstances: (1) the medical condition of the inmate (i.e., a serious and advanced illness with an end-of-life trajectory); (2) the age of the inmate; (3) family circumstances; and (4) other reasons determined by the BOP. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Moreover, if the inmate properly files a motion to reduce their sentence under § 3582(c)(1)(A), the statements in U.S.S.G. § 1B1.13 may inform a court's discretion, but the court may not treat the statements in U.S.S.G. § 1B1.13 as binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

The Court has not received a motion from the BOP. Also, Stott has not made the Court aware that he has exhausted all of his administrative rights or that 30 days have elapsed since the warden of his facility received a request from Stott to reduce his sentence. But even if Stott has exhausted all of his administrative rights or 30 days have elapsed since the warden of his facility received a request from Stott to reduce his sentence, the Court finds that no extraordinary and compelling circumstances exist.

Stott argues that the Court should intervene because his current facility has exposed him to COVID-19. *See id.* at 4–7; *see also* ECF No. 55 at 4–6. However, Stott does not claim that he has a specific medical condition which may complicate a COVID-19 infection. ECF Nos. 53 & 55. And as other courts in this district have recognized, being exposed to COVID-19 without having a medical condition that a COVID-19 infection would complicate does not warrant reducing a sentence. *See, e.g.*, *United States v. Sheridan*, No. 214CR00197LRHCWH, 2021 WL 1933930, at *2 (D. Nev. May 13, 2021); *United States v. Ward*, No. 3:99-CR-00064-HDM, 2020 WL 4452046, at *3 (D. Nev. Aug. 3, 2020). Stott's argument is further weakened when considering that Stott claims that he has recovered from COVID-19 multiple times but does not claim that he was seriously ill any of the times that he was infected. ECF No. 53 at 5–6; ECF No. 55 at 3–4. Ultimately, the main weakness with Stott's argument is that he is complaining about being exposed to COVID-19 at his current facility, which is a state facility. Because § 3582(c)(1) does not allow the Court to reduce a state sentence, the only option the Court has is to reduce the federal sentence

that it imposed. *See* 18 U.S.C. § 3582(c)(1). But it is pointless to reduce his federal sentence due to his exposure to COVID-19 at his current facility because he still has 2 years left to serve on his state sentence; in other words, Stott would continue to be exposed to COVID-19 at his current facility for another 2 years regardless. ECF Nos. 53 & 55. Thus, the Court finds that his exposure to COVID-19 is not an extraordinary and compelling circumstance.

Stott also suggests that his efforts to rehabilitate while in custody—such as his participation in programs and employment—constitute extraordinary and compelling circumstances. *See* ECF No. 53 at 4–7; *see also* ECF No. 55 at 4–6. While the Court applauds Stott's efforts to rehabilitate, these efforts are expected milestones, as one of the purposes of a duly imposed sentence is to provide the defendant with needed educational training. 18 U.S.C. § 3553. Furthermore, courts in this circuit have held that rehabilitation efforts either alone or in combination with exposure to COVID-19 do not constitute extraordinary and compelling circumstances. *See*, *e.g.*, *United States v. Menchaca*, No. 12-CR-00454-PJH-1, 2021 WL 3271315, at *4 (N.D. Cal. July 30, 2021); *United States v. Rodriguez*, No. 2:17-CR-0229-TOR-1, 2021 WL 3493149, at *3 (E.D. Wash. Aug. 9, 2021). The Court finds no reason to rule otherwise.

Granted, under 18 U.S.C. § 3582(c)(1)(B), a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure[;]" however, none of the subsections listed in Rule 35 apply to Stott's case. *See* 18 U.S.C. § 3582(c)(1)(B); *see also* Fed R. Crim. P. 35. For example, Stott's sentence did not result from an arithmetical, technical, or other clear error. *See* Fed. R. Crim. P. 35. The government also has not made a motion to reduce his sentence for providing substantial assistance in investigating or prosecuting another person.[2] *See* Fed. R. Crim. P. 35. Accordingly, the Court denies Stott's request to lift the federal detainer lodged against him and to aggregate the federal sentence with the state sentence.

---

[2] Stott suggests that the Court may have sentenced him incorrectly because the Superior Court of California, County of Contra Costa reclassified his prior felony convictions as misdemeanors after this Court sentenced him. ECF No. 55 at 4. The Court has already addressed this argument in its order on Stott's motion to vacate (ECF No. 51), and it finds no reason to depart from its holding in that order.

4

Stott's request to restructure his sentence also includes a request to convert his state sentence from incarceration in his current facility to a new facility or federal halfway house because a Nevada Department of Corrections' administrative regulation bars Stott from further program advancement, and he claims that he contracted COVID-19 many times at his current facility. *See* ECF No. 53 at 5–6; *see also* ECF No. 55 at 3–4. In support of this claim, Stott cites *Knish v. Stine*, 347 F. Supp. 2d 682 (D. Minn. 2004), arguing that it stands for the proposition that § 3624(c) imposes an affirmative obligation on the BOP and the courts to take steps to facilitate a smooth re-entry for prisoners into the outside world. ECF No. 53 at 7. However, *Knish* does not stand for that proposition. The court in *Knish* did not state that § 3624(c) imposes an obligation on the courts; the court in *Knish* clarified that § 3624(c) "imposes on the BOP an obligation to assure that inmates receive a pre-release plan for at least the last ten percent of the sentence but not more than six months, unless such a plan is practically impossible." *Knish*, 347 F. Supp. 2d at 688.

Stott also suggests that the Court has the power to grant his request to convert his state sentence from incarceration in his current facility to a new facility or federal halfway house under 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(b). *See* ECF No. 53 at 6–7. But § 3624(c) and § 3621(b) describe only the BOP's obligations as it relates to a prisoner's place of imprisonment and prerelease custody plan. *See* 18 U.S.C. § 3624(c); *see also* 18 U.S.C. § 3621(b). The statutes do not impose a similar obligation on the courts to resolve these bureaucratic decisions. In fact, the Supreme Court clarified that when a court sentences a federal offender, the BOP has plenary control—subject to statutory constraints—over the place of the prisoner's imprisonment. *See Tapia v. United States*, 564 U.S. 319, 331 (2011). While it is true that a court may modify a sentence under § 3582(c)(1)(B), it is now clear that § 3582(c)(1)(B) permits courts to modify only an imposed term of imprisonment, not the method of incarceration. *See* 18 U.S.C. § 3582(c)(1)(B); *see also United States v. Bisel*, No. 10CR5016-H, 2021 WL 3634830, at *6 (S.D. Cal. Aug. 16, 2021). Accordingly, the Court denies Stott's request to convert his state sentence from incarceration in his current facility to a new facility or federal halfway house because the Court does not have authority to modify the method of incarceration.

    Overall, because the Court finds that Stott's exposure to COVID-19 at his current facility and rehabilitation efforts do not constitute extraordinary and compelling circumstances, and because the Court can modify only the term of incarceration and not the method of incarceration, the Court denies Stott's requests.

**IV.     CONCLUSION**

    IT IS THEREFORE ORDERED that Stott's request to restructure his sentence (ECF No. 53) is **DENIED.**

    IT IS SO ORDERED.

    DATED this 13th day of July, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE