1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    UNITED STATES OF AMERICA,                 Case No. 3:10-cr-00026-LRH-CSD-1
8              Plaintiff,
9         v.
10   PHILIP STOTT,
11             Defendant.
12

13          Before the Court is Defendant Philip Stott's ("Stott") Motion for Clarification re Credit Time

14   Served. ECF No. 60. The Government filed a response (ECF No. 63), and Stott filed a reply (ECF

15   No. 64). For the reasons articulated in this Order, the Court denies the motion.

16          After a federal indictment on multiple counts, Stott entered a plea agreement on June 27,

17   2011 (the "Plea Agreement"), pleading guilty to Count 3 for theft and receipt of stolen mail matter

18   in violation of 18 U.S.C. § 1708, while the Government dismissed Counts 1 and 2. ECF Nos. 25,

19   26. On October 6, 2011, Stott was sentenced to twelve (12) months imprisonment, with his term

20   to run consecutive to his sentence in Second Judicial District Court for Washoe County, Nevada

21   Case No. CR10-1155. ECF Nos. 31, 32. Stott appealed his sentence on October 13, 2011. ECF

22   No. 33. The Ninth Circuit affirmed the sentence on May 18, 2012. ECF No. 40.

23          In his motion for clarification, Stott requests the Court to award him 338 days credit time

24   served towards his twelve (12) month sentence and "remove the federal detainer from the Nevada

25   Department of Corrections." ECF No. 60 at 4. Stott claims he was removed from state custody and

26   placed into federal custody for 338 days while awaiting trial on his federal charges and that time

27   should count towards his sentence in the instant case. Id.  In rebuttal, the Government argues

28   sentencing credits are determined by the Bureau of Prisons (BOP), not the District Court. ECF No.

63, 3:4-8. In addition, the Government argues Stott must first exhaust his administrative remedies, then seek the Court's review through a 28 U.S.C. § 2241 petition. *Id.* at 3:8-14. However, the Government asserts Stott cannot seek relief from this Court until he is in federal custody and that his credits cannot be calculated until he begins serving his federal sentence. *Id.* at 3:15-4:3. In reply, Stott asserts that the Government does not deny that he should receive credit for time served and it would be within the interest of judicial economy to resolve this matter rather than being transferred and transported from state custody to federal custody. ECF No. 64 at 2.

The Court agrees with the Government. In *United States v. Wilson,* the United States Supreme Court ruled that:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

503 U.S. 329, 335 (1992). Put simply, the Court does not and cannot calculate any of Stott's time served credits because the responsibility of calculating Stott's sentence lies with the BOP as it maintains any information and documentation related to implementing a prisoner's sentence.

Stott's motion is premature as his sentence is calculated only after he is taken into federal custody. "By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur *after* the defendant begins his sentence." *Wilson*, 503 U.S. at 333 (emphasis added). Additionally, Stott is also required to first exhaust his administrative remedies before seeking judicial review. "Federal regulations have afforded prisoners administrative review of the computation of their credits, *see* 28 CFR §§ 542.10–542.16 (1990); . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies . . ." *Wilson*, 503 U.S. at 335–36 (citations omitted).

Because Stott is currently in state custody, the BOP would not have yet calculated Stott's credit for time served. Indeed, it is unclear if Stott has requested the BOP for a calculation of his time served credits or if the BOP has provided him with one that he is disputing. A review of the

exhibits attached to Stott's motion only establish his reasoning of why he thinks he is warranted 338 days for time served, however there is no calculation provided by the BOP attached as an exhibit that disputes Stott's assertion.[1] This leaves the Court with nothing to review. Finally, although Stott states he cannot exhaust his administrative remedies as he is still in state custody, it would be improper for the Court to exercise judicial review at this time as it is procedurally premature.

IT IS THEREFORE ORDERED that Stott's Motion for Clarification re Credit Time Served (ECF No. 60) is **DENIED.**

IT IS SO ORDERED.

DATED this 9th day of November, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the sentence imposed in this case was clearly to be served consecutive to the state sentence upon which Stott is currently serving.

3